IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:10-CV-00227-RJC

| | | |
|---|---|---|
| JASON MILTON SMITH, JR. | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| UNITED STATES OF AMERICA | ) | |
| | ) | |

**THIS MATTER IS BEFORE THE COURT** on Petitioner's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, Or Correct Sentence, (Doc. No. 1), and related pleadings. For the reasons stated below, the motion will be denied and dismissed as untimely.

I.     BACKGROUND

On April 5, 2007, Petitioner pled guilty to carjacking in violation of 18 U.S.C. § 2119 (Count One), and possession of a firearm by a convicted felon in violation of 18 U.S.C. §§ 922(g)(1) and 924(e) (Count Three). (Case No. 3:06-cr-383, Doc. No. 18: Acceptance and Entry of Guilty Plea). On October 1, 2007, the Court sentenced Petitioner sentenced to 180 months' imprisonment on Count One and 288 concurrent months on Count Three and entered Judgment on October 30, 2007. (Id., Doc. No. 21 at 1-2). Petitioner appealed to the United States Court of Appeals for the Fourth Circuit, (Doc. No. 23: Notice of Appeal), which dismissed the appeal on July 8, 2008, (Id., Doc. No. 30: Order). Petitioner did not file a timely petition for certiorari in the Supreme Court, but waited until May 11, 2009, to file an untimely petition, which the Court denied on June 22, 2009. Smith v. United States, 129 S. Ct. 2846 (2009).

On May 18, 2010, Petitioner filed the instant motion to vacate conceding that it is untimely. (Doc. No. 1 at 18). Petitioner explains that his petition for a writ of certiorari in the Supreme Court was untimely because of "massive lockdowns at U.S.P. Big Sandy." (Id.). He

asks that this Court construe his § 2255 motion as timely filed because the lock-downs did not result from his behavior; therefore, he should not be barred due to the infractions of other inmates. (Id.).

II.     DISCUSSION

In 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act (the "AEDPA"). Among other things, the AEDPA amended 28 U.S.C. § 2255 by imposing a 1-year statute of limitations period for the filing of a motion to vacate. Such amendment provides:

A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of --

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255.

In January 2002, the Fourth Circuit decided the case of Hill v. Braxton, 277 F.3d 701, 706 (4th Cir. 2002) in which it held that a federal habeas court had discretion to *sua sponte* dismiss a habeas petition for untimeliness, but before doing so, it was required to give notice to a petitioner that a petition would be dismissed, absent sufficient explanation. Consistent with that requirement, in December 2004, the Administrative Office of the Courts modified the federal habeas form to comply with Hill. The new forms now include a section

2

which directs a petitioner to address the timeliness of a motion if the judgment of conviction became final more than a year ago. (Doc. No. 1 at 18). Additionally, the new form requires a petitioner explain why the one-year statute of limitations as contained in 28 U.S.C. § 2255 does not bar the motion. (Id.).

Accordingly, given the fact that the Petitioner had the opportunity to address the timeliness of his Petition on his form petition, the Court concludes that he has been given every opportunity to which he is entitled in this regard, and no further warning is required. The Court further notes that Petitioner's response shows no confusion and demonstrates that he understood the timeliness issues because he clearly set forth the facts he believed were sufficient to save his motion from the statute of limitations. See Bilal v. North Carolina, 287 F. App'x 241 (4th Cir. 2008) (dismissal not appropriate if response is ambiguous).

For purposes of starting the clock on his one-year limitation period under the AEDPA, Petitioner's judgment of conviction became final at the expiration of ninety (90) days following the Fourth Circuit's July 8, 2008 decision, on or about October 8, 2008, when he did not file a timely petition for writ of certiorari in the Supreme Court. United States v. Clay, 537 U.S. 522, 525 (2003)("For the purpose of starting the clock on § 2255's one-year limitation period, we hold, a judgment of conviction becomes final when the time expires for filing a petition for certiorari contesting the appellate court's affirmation of the conviction."); United States v. Sosa, 364 F. 3d 507, 509 (4th Cir. 2004)(applying Clay). Petitioner thus had until October 8, 2009, to file his § 2255 petition. Petitioner, however, did not file his § 2255 petition until May 18, 2010, seven (7) months too late.

In United States v. Prescott, 221 F.3d 686 (4th Cir. 2000), the Fourth Circuit instructed that while § 2255's limitation period is subject to equitable tolling, it is an extraordinary remedy

3

that is sparingly granted. Id. at 688. The Fourth Circuit has further opined that such remedy must be "reserved for those rare instances where-due to circumstances external to the party's own conduct-it would be unconscionable to enforce the limitation period against the party and gross injustice would result." Harris v. Hutchinson, 209 F.3d 325, 330 (4th Cir. 2000). In order to be entitled to equitable tolling, "an otherwise time-barred petitioner must present '(1) extraordinary circumstances, (2) beyond his control or external to his own conduct, (3) that prevented him from filing on time.'" Sosa, 364 F.3d at 512 (citing Rouse v. Lee, 339 F.3d 238, 246 (4th Cir. 2003)).

Here, Petitioner concedes that his certiorari petition in the Supreme Court was late, and thus his § 2255 motion was late, because his institution was subject to lock-downs. (Doc. No. 1 at 18). Petitioner offers no information regarding the length of the purported lock-downs or explanation as to how and/or why his ability to file a motion was restricted by the lock-downs. Petitioner provides no evidence in support of his allegation of "many massive lock-downs" nor does he attempt to meet his burden of showing that any lock-down was not "reasonably related to legitimate penological interests" as is required in order to establish an unconstitutional impediment. Akins v. United States, 204 F.3d 1086, 1090 (11th Cir. 2000). A prison lock-down is generally not considered to be a constitutional impediment to the filing of a § 2255 motion. Id. at 1090-91; Dodd v. United States, 365 F.3d 1273, 1283 (11th Cir. 2004) (prison lock-downs are not extraordinary circumstances in which equitable tolling is appropriate).

Based on the foregoing, Petitioner is not entitled to equitable tolling of the statute of limitations for the instant motion because he has not demonstrated extraordinary circumstances that warrant such a tolling.

4

III.   CONCLUSION

**IT IS, THEREFORE, ORDERED** that Petitioner's Motion under 28 U.S.C. § 2255 to Vacate, (Doc. No. 1) is **DENIED and DISMISSED** as untimely.

**IT IS FURTHER ORDERED** that the Government's Motion for Summary Judgment, (Doc. No. 12), is **GRANTED**.

**IT IS FURTHER ORDERED** that Petitioner's motions to amend, (Doc. No. 6), for discovery, (Doc. No. 16), and for an evidentiary hearing, (Doc. No. 17) are **DENIED** as moot.

**IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2255 Cases, this Court declines to issue a certificate of appealability as Petitioner has not made a substantial showing of a denial of a constitutional right.  28 U.S.C. § 2253(c)(2); Slack v. McDaniel, 529 U.S. 473, 484-85 (2000) (in order to satisfy § 2253(c) when court denies relief on procedural grounds, a petitioner must demonstrate both that the dispositive procedural ruling is debatable, and that the petition states a debatable claim of the denial of a constitutional right).

Signed: June 10, 2013

Robert J. Conrad, Jr.
United States District Judge